LYDIA L. KENYON *et al.* vs. JENNIE L. FIDLER.

FEBRUARY 1, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Landlord and Tenant.   Tenant at Will.   Ouster.   Pleading and Practice.*
*Amendment.*

In an action of trespass and ejectment for the recovery of a tenement, the exact date of the ouster need not be stated in the declaration, provided it be laid subsequent to the accrual of the plaintiff's title and before the commencement of the suit.

Where in an action of trespass and ejectment the declaration alleged the ouster as the day upon which defendant was notified to quit, as plaintiff's right to possession had not then accrued inasmuch as the notice had not expired until the day was finished, the case as set forth was not proven, but plaintiff will be permitted to amend by substituting the correct date.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant, and cause remanded to Superior Court with permission to plaintiffs to amend declaration.

PER CURIAM. This is an action of trespass and ejectment for the recovery of a tenement held by the defendant as tenant at will of the plaintiffs. Due notice was given to quit the tenement on April 27, 1906, and the defendant therefore became a trespasser on April 28. The declaration in each of three counts alleges the ouster on the 27th. The defendant, relying upon the variance, submitted no evidence, and the court directed a verdict for the plaintiffs.

We think the correct rule of pleading in such case is laid down in 7 Ency. Pl. & Prac. 337, where it is said: "The exact date of the occurrence of such ouster need not be stated provided it be laid subsequent to the accrual of the plaintiff's title and before the commencement of the suit."

In this case on the twenty-seventh the plaintiffs' right to possession had not accrued inasmuch as the notice had not expired until the day was finished, and the case as set forth was not proven.

The cause is remanded to the Superior Court for a new trial,

and the plaintiffs will be permitted to amend the declaration by substituting the *twenty-eighth* day of April, 1906, for the *twenty-seventh,* in each count.

*Walter P. Dixon and Benj. W. Grim,* for plaintiffs.
*John W. Sweeney,* for defendant.